KENNETH AUSTIN BROWN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brown v. Commissioner
Docket No. 16972-87
United States Tax Court
T.C. Memo 1989-452; 1989 Tax Ct. Memo LEXIS 452; 57 T.C.M. (CCH) 1389; T.C.M. (RIA) 89452; August 24, 1989
*452 Held: Motion to reopen record and receive testimony on new issue denied. Kenneth Austin Brown, pro se. Rudd L. DuVall, for the respondent. WHITAKER
MEMORANDUM OPINION WHITAKER, Judge: This case was tried on the merits by the Court on March 7, 1988. The issue presented for opinion was the taxability of a Civil Service disability retirement pension paid to petitioner. Our opinion on that issue ( ) was filed February 28, 1989. We held basically for respondent on the principal issue but for petitioner on certain of the additions to tax. *453 Decision is required to be entered under Rule 155. After respondent's Rule 155 computations were filed with the Court and served on petitioner, petitioner filed a document described as Petitioner's objection to the Respondent's Computation for Entry of Decision, which document we ordered filed as a Motion for Reconsideration of Opinion and for Further Trial. A hearing on that Motion was held on June 27, 1989. Petitioner's tax liability for the years 1978 through 1982 is before the Court in this case. As we noted in our opinion, during at least some of these years, petitioner earned some income from tutoring activities and incurred expenses associated with those activities in excess of his gross income. Neither petitioner's gross income nor his expenses were determined by respondent in the statutory notice. The amounts thereof, although raised in the petition, were not included in the issues tried by the Court. The present Motion seeks to reopen the record so that petitioner can offer evidence of the amounts by which his expenses exceeded his income in these years. Respondent opposes petitioner's Motion to Reopen the Record. Petitioner testified during the hearing on this *454 Motion that he had offered to submit evidence with respect to his income and expenses to respondent's counsel but that respondent's counsel declined to consider such evidence. Respondent's counsel does not remember such evidence being offered to him during stipulation conferences prior to trial but does not deny that it might have happened. Petitioner's net losses from his teaching activities were before the Court with respect to the years 1972 through 1974 and were the subject of our opinion reported in . Petitioner thus knew that the determination of his net losses was an appropriate matter for determination by this Court and by reason of our opinion in the prior case, respondent was on notice of petitioner's entitlement to deduct such losses since, in the prior opinion, we recognized that petitioner's tutoring activities constituted a legitimate business activity. Thus the expenditures incurred in connection therewith were ordinary and necessary and therefore deductible under section 162. [1] That however does not aid petitioner in connection with this Motion. *455 The sole issue raised by petitioner during the trial was the taxability of his Civil Service disability retirement pension and whether respondent was estopped to claim that it is taxable. During the trial there was a colloquy between the Court and petitioner as to whether petitioner was claiming that his disability payments were excludable under section 105(d). During the course of that colloquy, the Court reminded petitioner that his tax years 1978 through 1982 were before the Court and when our decision as to his tax liability became final, his tax liability for those years would be fixed and he would have no later opportunity to make an additional claim with respect to those years. (See transcript at page 18). At the conclusion of the hearing on this Motion petitioner conceded that neither respondent's counsel nor the Court misinformed or misled petitioner into offering evidence only on the taxability of his disability pension. Rather, he testified that he was told by some people with whom he talked in the Library of Congress that he should only argue the one issue as to whether respondent was equitably estopped from requiring that the annuity payments be taken into income *456 by reason of the fact that respondent knowingly allowed petitioner to exclude these payments from income during the prior audit. Petitioner does not allege that there was any error, whether substantial or harmless, during the trial so as to bring himself within the scope of Rule 160. Petitioner's complaint arose simply out of petitioner's mistaken belief, based apparently on advice from persons who were obviously not knowledgeable about the trial of tax cases in this Court, that he should limit the issue to equitable estoppel. We conclude that petitioner's reliance on such incorrect advice is not a ground for reopening the trial to take testimony on what would be, for the years before this Court, a new issue. The granting of a new trial rests in the sound discretion of the trial court. As the Court of Appeals for the Second Circuit noted many years ago in : It appears that in this instance the applicant was seeking an opportunity to introduce nothing as evidence on a retrial which was not available, or by the use of reasonable diligence could have been available, for use at the original trial. * * * Such *457 circumstances do not warrant the granting of a new trial. See also , affg. a Memorandum Opinion of this Court; , affg. , cert. denied . Petitioner has simply not shown a sufficiently persuasive reason to cause us to reopen the record. Petitioner's Motion will be denied. An appropriate order will be issued. Footnotes
1. Unless otherwise noted, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩