916 F.2d 710
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Kenneth Austin BROWN, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 89-2855.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 6, 1990.
Decided Oct. 22, 1990.
 
 On Appeal from the United States Tax Court. (87-16972)
 Kenneth Austin Brown, appellant pro se.
 Gary R. Allen, Patricia McDonald Bowman, Charles Edward Brookhart, United States Department of Justice, Washington, D.C., for appellee.
 USTC
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before MURNAGHAN, SPROUSE and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Kenneth Austin Brown appeals the decision of the Tax Court, T.C. Memo 1989-89 and T.C. Memo 1989-452, determining deficiencies in his income tax liability for tax years 1978 through 1982, and denying his motion to reopen the record and receive evidence of certain business expenses.
 
 
 2
 Brown has been receiving disability retirement income from the Maritime Administration since 1973. He has also engaged in a small business, since 1963, tutoring students with learning disabilities. During the course of a lengthy audit of Brown's returns filed for tax years 1969 through 1973, his disability income was apparently mentioned several times. Brown told the Internal Revenue Service (IRS) agents that he had been informed at his exit interview that this income was not subject to federal income tax, and the agents apparently agreed with him. However, in 1983, the IRS issued a statutory notice of deficiency assessing tax and penalties on the unreported income from his disability retirement. Brown filed a petition with the Tax Court seeking to bar the IRS, under the principle of equitable estoppel, from assessing any tax on his retirement pay. When the Tax Court ruled against him, Brown filed objections to the computations filed by the IRS under Rule 55 of the Tax Court Rules of Practice and Procedure, based on its failure to take into account his business expenses. The Tax Court treated this as a motion to reopen the record and receive evidence and, after a hearing, denied Brown's motion. He now appeals.
 
 I. Equitable Estoppel
 
 3
 We agree with the Tax Court's opinion, T.C. Memo 1989-89, on Brown's claim of equitable estoppel. The rule is well settled that the IRS's acceptance of incorrect prior returns, or its failure to make an assessment upon a prior audit does not estop the IRS from making an otherwise appropriate assessment at some later date. See Knights of Columbus Council No. 3660 v. United States, 783 F.2d 69 (7th Cir.1986); Hawkins v. Commissioner, 713 F.2d 347 (8th Cir.1983).
 
 II. Motion to Reopen the Record
 
 4
 Although the decision to reopen the record and hear further evidence in a case is addressed to the sound discretion of the Tax Court, we find that the Tax Court did abuse its discretion in this case. See Estate of Melcher v. Commissioner of Internal Revenue, 476 F.2d 398 (9th Cir.1973). While taking judicial notice of its earlier opinion* (in which it was determined that Brown's business was legitimate and that he was entitled to deduct the expenses he incurred for renting office space, telephone, promotion, and transportation), the court nevertheless found that Brown had waived the issue of entitlement to business deductions by his failure to raise it during trial. However, the record clearly indicates, and the IRS concedes, that Brown did raise this issue in his petition. Moreover, the record reveals that Brown attempted to raise this issue at the hearing on his petition but was prevented from doing so by the court. Also, there is evidence in the record which indicates that Brown's disability impairs his ability to communicate effectively in stressful situations, such as a Tax Court proceeding.
 
 
 5
 Therefore, we vacate the decision of the Tax Court denying Brown's motion to reopen the record, and remand the case to the Tax Court so that Brown may have the opportunity to present evidence of his business expenses for the years at issue. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 
 
 
 *
 Brown v. Commissioner, T.C. Memo 1979-434