KENNETH AUSTIN BROWN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent *
Brown v. Commissioner
Docket No. 16972-87
United States Tax Court
T.C. Memo 1994-632; 1994 Tax Ct. Memo LEXIS 659; 68 T.C.M. (CCH) 1510; December 22, 1994, Filed *659 Decision will be entered under Rule 155. Held: Petitioner's tutoring business determined to be a legitimate business activity and his business losses for the years in issue determined. Kenneth Austin Brown, pro se. For respondent: Ruud L. DuVall
WHITAKER
WHITAKER
SUPPLEMENTAL MEMORANDUM OPINION WHITAKER, Judge: Deficiencies were asserted by respondent for the years 1978 through 1982 in the amounts and with the additions to tax as follows: Taxable Year
Additions to Tax
Ended
Income Tax
Sec. 6654(a) [1]
1978
$ 1,128
$  36.01
1979
1,277
53.58
1980
1,561
99.66
1981
1,850
142.12
1982
1,899
185.24
This is the second trial of this case. The first trial resulted in a memorandum opinion reported at T.C. Memo. 1989-89 and T.C. Memo. 1989-452. The Court of Appeals for the Fourth Circuit affirmed in part, vacated in part and remanded without opinion 916 F.2d 710 (4th Cir. 1990). Liability for additions to *660 tax were also redetermined. We did not in that opinion focus on petitioner's income and expenses from his tutoring business, which was a part-time occupation during the years in issue. The Court of Appeals for the Fourth Circuit vacated our decision to deny petitioner's motion to reopen the record and receive evidence as to his business expenses, remanding the case so that "Brown may have the opportunity to present evidence of his business expenses for the years at issue". A further hearing was held in June 1991 to receive evidence of business expenses as directed by the Court of Appeals for the Fourth Circuit. This opinion reflects our decision on the facts submitted to the Court in the second hearing. Unfortunately, petitioner failed to file returns for these years, but six returns were prepared and submitted to the Court by stipulation. These documents are useful primarily for an explanation of the expenses which petitioner is claiming in this second trial. As a preliminary matter, it should be understood that petitioner's business during the years in issue involved his income and expenses from private tutoring. Petitioner testified that he tried to establish a broad-based *661 tutoring business but was unsuccessful. However, he did spend a few hours each week tutoring individual students. The issues raised by respondent are whether or not petitioner has substantiated his income and expenses from the tutoring business for these taxable years and whether or not the tutoring business was an activity engaged in for profit. Respondent contends that such income and expenses were not substantiated and that section 183 of the Internal Revenue Code applies to limit the amount of petitioner's business losses to the amount of petitioner's business income from his tutoring services. As an initial issue, we are convinced that petitioner's tutoring business was a legitimate business activity engaged in for profit even though it may not have produced an excess of income over expenses. We find that respondent's argument that the tutoring business was not an activity engaged in for profit is incorrect. We find as a fact that petitioner did engage in his tutoring business during the years in issue with a profit motive. Therefore, the issue for decision here is really whether or not, or the extent to which, petitioner has substantiated his income and expenses from *662 the tutoring business for the taxable years. The Court finds petitioner to be a credible witness, although it is unfortunate that petitioner did not undertake to provide corroborating evidence of any kind. The Court is convinced that petitioner was engaged in the tutoring business for profit. Petitioner also attempted to enlarge his business and started or attempted to start a word-processor training facility in the greater Washington, D.C., area. However, petitioner's lack of capital apparently interfered with his accomplishing his goals of business activity. Petitioner graduated from Howard University in 1963 with a degree in mathematics and science. He initially worked for Georgetown Day School and for a period of time for the Labor Department. Petitioner also worked as a computer programmer for a Silver Spring, Maryland, business and at the Pentagon as an operations research analyst. Thereafter, he held the same type of job for the Maritime Administration. He retired on disability in 1971, although it was not until 2 years later that his disability retirement was approved. He also went to graduate school at the University of Maryland for a period of time. During the *663 1950s petitioner was a music major but he switched to mathematics major in 1959. Petitioner has been principally engaged in tutoring since approximately 1959 but not on a full- time basis. Petitioner developed a monitoring system at some point that would allow him to hire tutors and get the same level of "excellence" from them as he would get from himself. It is unclear whether the monitoring system was ever put into effect. Petitioner on one or more times traveled to Eastern European countries and to the Far East to conduct research, "looking for the psychological aspects of how teaching and learning is conducted". In 1978 or 1979 petitioner employed one or more tutors to work with high school children. Petitioner also to some extent traveled to talk to interested people about his tutoring program. Due to petitioner's disability, he generally can work no more than about 2 hours a day. Unfortunately, petitioner's books and records are almost nonexistent. Petitioner conducted his business largely on a cash basis which provided very little in the way of records. During the years in issue petitioner incurred business losses in the following amounts: Petitioner's Business Losses 1978
$ 12,457.48
1979
6,674.09
1980
4,639.54
1981
5,091.78
1982
6,567.78
*664 We conclude that petitioner's expenses incurred during the years in issue in his tutoring business were legitimate business expenses and the excess of those expenses over petitioner's income constitutes a deductible expense for each of the years in issue. Decision will be entered under Rule 155. Footnotes
*. This Supplemental Memorandum Opinion has been remanded from the Court of Appeals for the Fourth Circuit. Brown v. Commissioner↩, 916 F.2d 710 (4th Cir. 1990), affg. in part, vacating in part, and remanding T.C. Memo. 1989-89 and T.C. Memo. 1989-452.
1. Section references are to the Internal RevenueCode in effect for the years at issue. Rule references are to the Tax Court Rules of Practice and Procedure.↩