KENNETH AUSTIN BROWN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brown v. Commissioner
Docket No. 16972-87.
United States Tax Court
T.C. Memo 1995-435; 1995 Tax Ct. Memo LEXIS 434; 70 T.C.M. (CCH) 652; September 11, 1995, Filed *434 Decision will be entered pursuant to the foregoing. Kenneth Austin Brown, pro se. Diane Helfgott and Susan T. Mosley, for respondent. ARMEN, Special Trial Judge ARMEN
SUPPLEMENTAL MEMORANDUM OPINION *
ARMEN, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
This case involves deficiencies in income taxes and additions to tax for the taxable years 1978 through 1982. It has been the subject of three prior Opinions of this Court, namely, Brown v. Commissioner, T.C. Memo. 1989-89 *435 and T.C. Memo. 1989-452, which were affirmed in part and vacated in part and remanded by the Court of Appeals for the Fourth Circuit in an unpublished opinion, 916 F.2d 710 (4th Cir. 1990), and T.C. Memo. 1994-632. [2]
At this point in time, all substantive issues have been resolved. However, a dispute has arisen between the parties concerning the proper computation for entry of decision under Rule 155. The dispute involves the computation of the deficiencies in income taxes for 3 of the 5 taxable years in issue and may be summarized as follows: Computation of Deficiency [3]
Year
Per Petitioner
Per Respondent
1978
--
--
1979
--
--
1980
--
$ 58
1981
$ 298
782
1982
452
612
*436 Although the parties agree that petitioner incurred a net operating loss (NOL) in 1978 and that the NOL deduction for 1979 eliminates the deficiency for that year, they disagree over (1) the amount of the NOL for 1978, and (2) the amount of the NOL deductions for 1980 and 1981. The parties also disagree regarding the computation of the deficiency for 1982, notwithstanding the fact that they agree that there is no NOL deduction available for that year. I. Background
In our Opinion at Brown v. Commissioner, T.C. Memo. 1989-89, we sustained respondent's determination that petitioner's Civil Service disability retirement pension is includable in income for the taxable years in issue. The parties agree that the amount of such income is as follows: Year
Civil Service Pension [4]
1978
$ 9,588
1979
10,464
1980
11,832
1981
13,107
1982
14,112
*437 In our Opinion at Brown v. Commissioner, T.C. Memo. 1994-632, we held that petitioner's private tutoring business was an activity engaged in for profit. We also held that petitioner incurred losses in respect of his tutoring business for the taxable years in issue as follows: Year
Business Losses
1978
$ 12,457.48
1979
6,674.09
1980
4,639.54
1981
5,091.78
1982
6,567.78
II. Discussion
A. The net operating loss for 1978
The parties agree that petitioner incurred an NOL for 1978. They disagree, however, regarding the amount of the NOL. Petitioner contends that the NOL amounts to $ 6,069.48, i.e., the arithmetic difference between petitioner's loss from his tutoring business ($ 12,457.48) and the excess of his Civil Service pension ($ 9,588) over the sum of the applicable zero bracket amount ($ 2,200) and the personal exemption ($ 1,000 [5]). In other words: $ 12,457.48 - ($ 9,588 - ($ 2,200 + $ 1,000)) = $ 6,069.48 *438 In contrast, respondent computed petitioner's NOL to be $ 1,000 less, or $ 5,069.48. Although petitioner's approach is logical, it does not conform to the statute. The term "net operating loss" is a term of art. It is specifically defined by section 172(c) as follows: For purposes of this section, the term "net operating loss" means the excess of the deductions allowed by this chapter over the gross income. Such excess shall be computed with the modifications specified in subsection (d). [Emphasis added.]
Turning now to the requisite modifications, and as relevant herein, section 172(d)(3) provides that no deduction shall be allowed under section 151 (relating to personal exemptions), and section 172(d)(8) provides that the zero bracket amount shall be treated as an allowable deduction. Accordingly, petitioner's NOL for 1978 is $ 5,069.48, computed as follows: $ 9,588.00
pension income
-12,457.48
business loss
(2,869.48)
-(2,200.00)
zero bracket amount
(5,069.48)
NOL
B. The NOL deductions for 1980 and 1981
Ordinarily, an NOL such as petitioner's would be carried back to each of the 3 taxable years preceding the taxable year of the loss and only *439 then carried forward. Sec. 172(b)(1)(A), (B). However, section 172(b)(3)(C) permits a taxpayer to elect to relinquish the entire carryback period. See Young v. Commissioner, 83 T.C. 831 (1984), affd. 783 F.2d 1201 (5th Cir. 1986); see also Miller v. Commissioner, 104 T.C. 330 (1995). Although the record does not disclose how petitioner may have so elected, the parties agree that petitioner's NOL for 1978 need not be carried back but may instead be carried forward. If an NOL is not fully absorbed in the first taxable year to which it is carried (i.e., the taxable year 1979 in the present case), the unabsorbed portion may be carried over to the next following taxable year (i.e., the taxable year 1980 in the present case). This process is repeated until the NOL is fully absorbed or the carryover period expires. Section 172(b)(2) provides guidance concerning how much of an NOL is absorbed in the taxable year to which it is carried and how much, if any, remains to be carried over to the next following taxable year. [6] In order to resolve these matters, the statute requires that one compute the "modified *440 taxable income" of the carryover year. Only so much of the NOL that exceeds the "modified taxable income" of each carryover year may itself be carried over to the next following taxable year. *441 As relevant herein, "modified taxable income" means taxable income computed without regard to (1) the personal exemption under section 151, and (2) the NOL for the loss year; however, the zero bracket amount is treated as an allowable deduction. Sec. 172(b)(2)(A), (B)(i); sec. 172(d)(3), (8). For 1979, the first taxable year to which petitioner's NOL for 1978 may be carried, "modified taxable income" equals $ 1,489.91, as computed below: $ 10,464.00
pension income
-6,674.09
business loss
3,789.91
-2,300.00
zero bracket amount
1,489.91
modified tax. inc.
Accordingly, the unabsorbed NOL available for carryover to 1980 amounts to $ 3,579.57, as computed below: $ 5,069.48
NOL carryover from 1978
-1,489.91
modified tax. inc. for 1979
3,579.57
unabsorbed NOL
For 1980, the second taxable year to which petitioner's NOL for 1978 may be carried, "modified taxable income" equals $ 4,892.46, as computed below: $ 11,832.00
pension income
-4,639.54
business loss
7,192.46
-2,300.00
zero bracket amount
4,892.46
modified tax. inc.
Because modified taxable income for 1980 exceeds the unabsorbed NOL available as a deduction for that year, it is readily *442 apparent that petitioner's NOL is fully absorbed by 1980 and that no portion thereof remains to be carried over to 1981. C. Computation for entry of decision for 1980
Petitioner's income tax liability for 1980 is $ 46, which amount may be computed as follows: $ 11,832.00
pension income
-4,639.54
business loss
7,192.46
-3,579.57
NOL deduction
3,612.89
Tax Table Income
Utilizing Tax Table A (filing status "single") for 1980 and allowing one personal exemption yields an income tax liability of $ 46. Because petitioner did not file any return for that year, the deficiency in income tax for 1980 is also $ 46. D. Computation for entry of decision for 1981
Petitioner's income tax liability for 1981 is $ 782, which may be computed as follows: $ 13,107.00
pension income
-5,091.78
business loss
8,015.22
AGI
-1,000.00
personal exemption
7,015.22
taxable income
Utilizing the Tax Table for 1981 and the filing status of "single" yields an income tax liability of $ 782. Because petitioner did not file any return for that year, the deficiency in income tax for 1981 is also $ 782. E. Computation for entry of decision for 1982
Petitioner's income *443 tax liability for 1982 is $ 612, which may be computed as follows: $ 14,112.00
pension income
-6,567.78
business loss
7,544.22
AGI
-1,000.00
personal exemption
6,544.22
taxable income
Utilizing the Tax Table for 1982 and the filing status of "single" yields an income tax liability of $ 612. Because petitioner did not file any return for that year, the deficiency in income tax for 1982 is also $ 612. III. Conclusion
The parties agree that petitioner is not liable for any of the additions to tax determined by respondent in the notice of deficiency. Insofar as the deficiencies in income taxes are concerned, we shall enter a decision in the following amounts: Year
Amount of Deficiency
1978
--
1979
--
1980
$ 46
1981
782
1982
612
Decision will be entered pursuant to the foregoing.
Footnotes
*. Supplementing Brown v. Commissioner, T.C. Memo. 1994-632↩.
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. An Opinion of this Court in another docket involving petitioner was filed at Brown v. Commissioner, T.C. Memo. 1979-434↩.
3. Respondent's computations appear in respondent's Revised Computation for Entry of Decision, filed July 13, 1995, and as supplemented Aug. 18, 1995. Petitioner's computations appear in Petitioner's Objection to Respondent's Computation for Entry of Decision and Alternative Computation, filed July 19, 1995.↩
4. So stipulated by the parties in their First Stipulation For Trial. The stipulated amounts are also consistent with the entries appearing on petitioner's unfiled Federal income tax returns for the taxable years in issue, as stipulated by the parties in their Third Stipulation For Trial.↩
5. For the taxable year 1978, the personal exemption was actually $ 750, sec. 151(b), and not $ 1,000 as contemplated by petitioner.↩
6. Sec. 172(b)(2) provides in relevant part as follows: (2) Amount of Carrybacks and Carryovers.--* * * the entire amount of the net operating loss for any taxable year (hereinafter in this section referred to as the "loss year") shall be carried to the earliest of the taxable years to which * * * such loss may be carried. The portion of such loss which shall be carried to each of the other taxable years shall be the excess, if any, of the amount of such loss over the sum of the taxable income for each of the prior taxable years to which such loss may be carried. For purposes of the preceding sentence, the taxable income for any such prior taxable year shall be computed-- (A) with the modifications specified in subsection (d) * * *; and (B) by determining the amount of the net operating loss deduction--
(i) without regard to the net operating loss for the loss year or for any taxable year thereafter, * * *
* * * * and the taxable income so computed shall not be considered to be less than zero. * * *↩